Parley **MORTENSON** et al., Plaintiffs and Respondents,

v.

**PROFESSIONAL UNITED REALTY** et al., Defendants and Appellants.

No. 13476.

Supreme Court of Utah.

June 27, 1974.

Earl S. Spafford, Spafford & Young, Salt Lake City, for defendants and appellants.

E. J. Skeen, Skeen & Skeen, Milo S. Marsden, Jr., Salt Lake City, for plaintiffs and respondents.

1. 5 C.J.S. Appeal and Error § 1464(1).

HENRIOD, Justice:

Appeal from the dismissal of a counterclaim for a real estate commission. Affirmed with costs to plaintiffs.

■ This case was before us on appeal in 1968 where plaintiffs sought and recovered a declaratory judgment for breach of contract in the trial court. We affirmed that judgment in Mortenson v. Financial Growth, 23 Utah 2d 54, 456 P.2d 181, 1969, but returned the case for trial as to the counterclaim. The trial court rendered judgment on the counterclaim in favor of defendants, but after re-examining the case, granted a timely motion for a new trial. After the trial, the counterclaim was dismissed, from which action the present appeal sprang. The decision was one based almost entirely on factual matters, which impels us to examine this case in a light favorable to the judgment if reasonably they support it by competent, admissible and believable evidence. We think they do.

This case involves the usual earnest money agreement vehicle that wheels and deals itself into a quagmire of contradictions, accompanied by different factual versions anent the "ready, able and willing" syndrome. The time for the effectiveness of hoped-for contract passed, the title, mineral rights, etc. were bones of contention, and the record does not seem to reflect any firm understanding or manifestation of mutual assent. The matter dragged along, punctuated by negotiation, offer and counter-offer. Defendant received and pocketed about $2,100 to apply on its commission,—if it was entitled thereto,—about which no one seems to complain, including this court.

■ Having decided as the trial court did, and having decided as we have in affirming that decision, we conclude that the points on appeal that 1) there was a willing buyer, 2) that the buyer, not the seller, was not responsible for any commission and that 3) defendants had an interest in a $3,000 down payment are without merit,— and particularly that 3) flies in the teeth of our decision in the earlier Mortenson case cited above.

Any further protraction by recital of more controverted facts would seem to serve no useful purpose.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.